MATTHEW ROSENFIELD, ADMINISTRATOR *AD PROSE-QUENDUM* OF THE ESTATE OF MORRIS ROSENFIELD, DECEASED, PLAINTIFF-RESPONDENT, v. WILLIAM P. ANGERSTEIN AND WILLIAM H. HAZEL, DEFENDANTS, NEW JERSEY UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 13, 1961—Decided January 11, 1962.

Before Judges PRICE, SULLIVAN and LEONARD.

*Mr. Edward W. Eichmann* argued the cause for appellant (*Mr. William C. Gotshalk,* of counsel).

*Mr. David Novack* argued the cause for respondent.

The opinion of the court was delivered by

PRICE, S. J. A. D.    The New Jersey Unsatisfied Claim and Judgment Fund Board (hereinafter Fund) appeals from an order of the Superior Court, Law Division, dated June 16, 1961, directing the payment of $3,333.33 and costs of suit (part of the judgment hereinafter mentioned) to the attorney for the administrator *ad prosequendum* of the estate of Morris Rosenfield, deceased.

The facts have been stipulated.    Decedent, a resident of Pennsylvania, and a pedestrian at the time of the accident here involved, was fatally injured in Camden, New Jersey, on February 11, 1959, when struck by a car driven by one William H. Hazel, "an uninsured driver resident of New Jersey."    Decedent was survived by his widow, a resident of Pennsylvania, and his minor son, Sherman L. Rosenfield, born of a former marriage.    The latter was a New Jersey resident.

A judgment of $5,000 damages, plus $83.75 costs of suit, was recovered by the administrator *ad prosequendum* against Hazel and one William P. Angerstein, owner of the car Hazel was driving.    Subsequent to the filing of notice with the Fund board, the aforesaid order was made.    The propriety of that order is challenged on the present appeal.    It is conceded that the widow, a nonresident of this State, has no right to recover from the Fund.

Appellant urges that it should not be required to make payment in the case at bar because decedent was not "a qualified person" under *N. J. S. A.* 39:6–62, *i. e.,* "a resident of this State."    On the contrary, respondent asserts that the residence of decedent is irrelevant and that the right to

recovery under *N. J. S. A.* 39:6-69 is dependent upon the residence of decedent's minor son for whose benefit, in part as aforesaid, the judgment under the statute relating to death by wrongful act, *N. J. S.* 2A:31-1, against Hazel and Angerstein was recovered.

The challenged order of the trial court recited that, "by virtue of the provisions" of *N. J. S.* 2A:31-4, "the amount recovered in this action is for the exclusive benefit of the widow and surviving minor son, in the proportions in which they are entitled to take the same"; that the minor son by virtue of *N. J. S.* 3A:4-2 "is entitled to two-thirds of the amount of said judgment and is a qualified person within the meaning" of *N. J. S. A.* 39:6-62.

Plaintiff asserts that there "appears to be no decision on the precise question here under consideration." He bases his argument in support of the trial court's action on the ground that as *N. J. S. A.* 39:6-61 to 91 "is social legislation and should be liberally construed," and that as any sum received under *N. J. S.* 2A:31-4 by the administrator *ad prosequendum* is "for the exclusive benefit of the persons entitled to take any intestate personal property of the decedent," the minor son of decedent as one of such beneficiaries is the person whose status is the determinative factor in the case at bar; that, as he is a resident of this State, he meets the statutory requirements justifying reimbursement by the Fund. Specifically, he contends that the status of a decedent, whose death is caused by the operation of a motor vehicle, is not comprehended by the term "qualified person," but that the status of the person who is the beneficiary of a judgment under the Wrongful Death Act is the criterion.

We disagree and find definite authority in negation of plaintiff's contention in *Betz v. Director, Div. of Motor Vehicles,* 27 *N. J.* 324, 331 (1958). Although the court in that case was dealing with a different section of the Unsatisfied Claim and Judgment Fund Law, *viz., N. J. S. A.* 39:6-78, and the basic question there involved was whether substantial similarity existed between the New Jersey act

and the then existing New York Motor Vehicle Financial Security Act, Mr. Justice Proctor's opinion for the court has a direct bearing on the resolution of the instant appeal.

In *Betz, supra,* after emphasizing the importance of the phrase "qualified person who would have a cause of action," contained in *N. J. S. A.* 39:6–78, and the direct relationship of that phrase to the express intent of the Legislature that only a "qualified person" as defined by *N. J. S. A.* 39:6–62 may avail himself of the benefits of the act (at *p.* 328), the court, in concluding that the New York legislation did not meet the standard of substantial similarity contained in *N. J. S. A.* 39:6–62, said at *p.* 331, "that the *decedent* was not a 'qualified person' within the meaning of *N. J. S. A.* 39:6–62 and that the plaintiff, as his administrator *ad prosequendum,* cannot maintain this action." (Emphasis supplied)

Based on the foregoing opinion it is clear that the *decedent's* status is the criterion. In the instant case the decedent was a nonresident. Therefore, under the facts here present, although we are dealing with a section of the aforesaid act other than the one before the court in *Betz, supra,* we hold that decedent was not a qualified person and consequently that his minor son, as a beneficiary of his estate, cannot have recourse to the Fund.

The aforesaid order of the Law Division is reversed. No costs.